FILED

'11 FEB 22 PM 3: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  NEWMAN DU WORS LLP
   Derek A. Newman, State Bar No. 190467
2  derek@newmanlaw.com
   100 Wilshire Boulevard, Suite 950
3  Santa Monica, California 90401
   Telephone:  (310) 359-8200
4  Facsimile:  (310) 359-8190

5  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
6  Derek Linke (pro hac vice to be filed)
   linke@newmanlaw.com
7  1201 Third Avenue South, Suite 1600
   Seattle, Washington 98101
8  Telephone:  (206) 274-2800
   Facsimile:  (206) 274-2801

9
   Attorneys for Plaintiff
10 ANTHONY FREDIANELLI

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13 ANTHONY FREDIANELLI, an              Case No. CV11 01562 R (JCx)
   individual,
14                                       COMPLAINT
15          Plaintiff,

16     v.                               DEMAND FOR JURY TRIAL

17 STEPHAN JENKINS, an individual;
   BRADLEY HARGREAVES, an
18 individual;
   THIRD EYE BLIND, INC., a California
19 corporation;
   3EB TOURING, INC., a California
20 corporation;
   STEPHEN JENKINS PRODUCTIONS,
21 INC., a California corporation;
   3EB PUBLISHING, an unknown entity;
22 THOMAS MANDELBAUM, an
   individual;
23 HISCOCK & BARCLAY, LLP; a New
   York liability limited partnership;
24 DAVID RAWSON, an individual;
   ZEISLER, ZEISLER, RAWSON &
25 JOHNSON LLP, a California limited
   liability partnership;
26 EMI BLACKWOOD MUSIC, INC., a
   Connecticut corporation;
27 and DOES 1-10;

28          Defendants.

i
COMPLAINT

1    ANTHONY FREDIANELLI hereby alleges for his complaint against

2  STEPHAN JENKINS, an individual, BRADLEY HARGREAVES, an individual,

3  THIRD EYE BLIND, INC., a California corporation, 3EB TOURING, INC., a

4  California corporation, STEPHEN JENKINS PRODUCTIONS, INC., a California

5  corporation, 3EB PUBLISHING, an unknown entity, THOMAS IRVING

6  MANDELBAUM, an individual, HISCOCK & BARCLAY, LLP, a New York

7  limited liability partnership, DAVID RAWSON, an individual, ZEISLER,

8  ZEISLER, RAWSON & JOHNSON LLP, a California limited liability partnership;

9  EMI BLACKWOOD MUSIC, INC., a Connecticut corporation, and DOES 1-10

10  (collectively, "Defendants") upon personal information as to Plaintiff's own

11  activities, and upon information and belief as to the activities of others, as follows:

12

13                           **I.    NATURE OF THE CASE**

14    1.    In early 1993 Tony Fredianelli was a founding member of the rock

15  band Third Eye Blind. Fredianelli was Third Eye Blind's lead guitarist.

16    2.    Defendant Stephan Jenkins was another of the founding members.

17    3.    Fredianelli and Jenkins co-authored many of Third Eye Blind's early

18  hits, including "Semi-Charmed Life" and "Motorcycle Drive By" from the band's

19  eponymous first album, *Third Eye Blind*, which has sold over 6,000,000 copies and

20  "Farther" from its second album, *Blue*, which has sold 1,800,000 copies.

21    4.    Fredianelli is suing Jenkins for a judicial declaration that Fredianelli is

22  a co-author of several of those early hits.

23    5.    Fredianelli left Third Eye Blind but returned to the band in late 1999.

24    6.    Fredianelli became a full partner in the band with Jenkins, Defendant

25  Hargreaves, and Arion Salazar in early 2003. The partners never signed a written

26  partnership agreement because Jenkins insisted that he did not have time to

27  negotiate one due to the band's busy recording and performing schedule.

28    7.    Instead, Defendant Jenkins, Defendant Hargreaves, the band's

1 manager, Eric Godtland, and the band's lawyer, Defendant Thomas Mandelbaum,

2 all assured Fredianelli he was a "partner" in the band and need not concern himself

3 with a written partnership agreement.

4       8.    As a partner in the band, Fredianelli was required to—and did—pay

5 his share of Third Eye Blind's costs and expenses.

6       9.    However, unbeknownst to Fredianelli, Jenkins—with the support of

7 Defendant Mandelbaum and the band's accountant, Defendant David Rawson—

8 diverted millions of dollars in Third Eye Blind revenue arising from

9 merchandising, licensing, and touring to various corporate entities of which he was

10 the sole owner and beneficiary.

11       10.    Jenkins also caused Third Eye Blind's copyright and trademark

12 registrations to be registered to his own separate corporate entities instead of to the

13 band or an entity controlled by the partners in the band.

14       11.    Following Jenkins's misappropriation of Third Eye Blind assets and

15 opportunities, Jenkins wrongly excluded Fredianelli from participation in Third

16 Eye Blind and stopped paying Fredianelli his owed royalties and profits, including

17 income from touring.

18       12.    Fredianelli is suing Jenkins for breach of fiduciary arising from

19 Jenkins's misappropriation and self-dealing of Third Eye Blind assets and

20 opportunities. Fredianelli also seeks an accounting from Jenkins and his various

21 corporate entities.

22       13.    Fredianelli is suing Mandelbaum and Mandelbaum's current law firm

23 of Hiscock & Barclay, LLP for breaching fiduciary duties owed to Fredianelli as a

24 fiduciary and client.

25       14.    Fredianelli is suing Third Eye Blind's accountant, David Rawson, and

26 Rawson's accounting firm of Zeisler, Zeisler, Rawson & Johnson LLP, a

27 California limited liability partnership because Rawson has received and is

28 wrongfully withholding money belonging to Fredianelli.

1     15.    Fredianelli is also suing Jenkins and Hargreaves for conversion

2  because they have possession of certain of Fredianelli's personal assets which they

3  refuse to return and which the band used while touring in 2010 without

4  Fredianelli's consent.

5     16.    Fredianelli also seeks a judicial declaration that he is an author on a

6  number of recent Third Eye Blind songs, including some from the album *Ursa*

7  *Major* and the *Red Star* EP.

8     17.    Finally, Fredianelli seeks a judicial declaration that he is a co-owner

9  of Third Eye Blind's THIRD EYE BLIND® and 3EB® trademarks including

10  those registered with the United States Patent and Trademark Office.

11

12            **II.    JURISDICTION AND VENUE**

13     18.    This Court has original subject matter jurisdiction over this action

14  pursuant to 28 U.S.C. § 1331 because Plaintiff seeks a declaration that he is an

15  author on several copyrighted works under the federal Copyright Act, Title 15

16  U.S.C.

17     19.    This Court also has original subject matter jurisdiction over this action

18  pursuant to 28 U.S.C. § 1331 because Plaintiff seeks a declaration that he is an

19  owner of several federal trademark registrations.

20     20.    This Court has supplemental subject matter jurisdiction over the

21  remaining claims in this action pursuant to 28 U.S.C. § 1367(a) because those

22  claims are so related to claims in the action over which the Court has original

23  jurisdiction that they form part of the same case or controversy.

24     21.    This Court has personal jurisdiction over Defendant Stephan Jenkins

25  because Jenkins is a resident of the state of California and has continuous and

26  systematic contacts with the state of California.

27     22.    This Court has personal jurisdiction over Defendant Bradley

28  Hargreaves because Hargreaves is a resident of the state of California and has

1  continuous and systematic contacts with the state of California.

2      23.    This Court has personal jurisdiction over Defendant Third Eye Blind,
3  Inc. because Third Eye Blind, Inc. is a California corporation with its principal
4  place of business in California and has continuous and systematic contacts with the
5  state of California.

6      24.    This Court has personal jurisdiction over Defendant 3EB Touring,
7  Inc. because 3EB Touring, Inc. is a California corporation with its principal place
8  of business in California and has continuous and systematic contacts with the state
9  of California and has continuous and systematic contacts with the state of
10  California.

11     25.    This Court has personal jurisdiction over Defendant Stephen Jenkins
12  Productions, Inc. because Stephen Jenkins Productions, Inc. is a California
13  corporation with its principal place of business in California and has continuous
14  and systematic contacts with the state of California.

15     26.    This Court has personal jurisdiction over Defendant 3EB Publishing
16  because 3EB Publishing is a business entity with its principal place of business in
17  California and has continuous and systematic contacts with the state of California.

18     27.    This Court has personal jurisdiction over Defendant Thomas Irving
19  Mandelbaum because Mandelbaum has continuous and systematic contacts with
20  the state of California and because Mandelbaum transacted business within
21  California and committed tortious acts directed at California as alleged herein.

22     28.    This Court has personal jurisdiction over Defendant Hiscock &
23  Barclay, LLP because Hiscock & Barclay, LLP has continuous and systematic
24  contacts with the state of California and because Hiscock & Barclay, LLP
25  transacted business within California and committed tortious acts directed at
26  California as alleged herein.

27     29.    This Court has personal jurisdiction over Defendant David Rawson
28  because Rawson is a resident of the state of California.

30.    This Court has personal jurisdiction over Defendant Zeisler, Zeisler, Rawson & Johnson LLP because Zeisler, Zeisler, Rawson & Johnson LLP is a California limited liability partnership with its principal place of business in California and has continuous and systematic contacts with the state of California.

31.    This Court has personal jurisdiction over Defendant EMI Blackwood Music, Inc. because EMI Blackwood Music, Inc. is registered to do business in the state of California and has continuous and systematic contacts with the state of California.

32.    Venue for this action is proper under 28 U.S.C. § 1391(b) in the United States District Court for the Central District of California because this is a judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

33.    Venue for this action is also proper under 28 U.S.C. § 1391(b) in the United States District Court for the Central District of California because at least one defendant, including Hargreaves, resides in this judicial district.

34.    Venue for this action is also proper under 28 U.S.C. § 1391(b) in the United States District Court for the Central District of California because at least one defendant may be found in this judicial district.

### III.    PARTIES

35.    Plaintiff ANTHONY FREDIANELLI is a Nevada resident and a founding member of the rock band Third Eye Blind.

36.    Defendant STEPHAN JENKINS is a California resident, the other founding member of Third Eye Blind, and the band's current lead vocalist.

37.    Defendant BRADLEY HARGREAVES is a California resident who resides in this judicial district in Los Angeles, California. He is the current Third Eye Blind drummer and percussionist.

38.    Defendant THIRD EYE BLIND, INC. is a California corporation. On

1  information and belief, Defendant Jenkins is the sole shareholder of Third Eye

2  Blind, Inc.

3       39.    Defendant 3EB TOURING, INC. is a California corporation. On

4  information and belief, Defendant Jenkins is the sole shareholder of 3EB Touring,

5  Inc.

6       40.    Defendant STEPHEN JENKINS PRODUCTIONS, INC. is a

7  California corporation. On information and belief, Defendant Jenkins is the sole

8  shareholder of Stephen Jenkins Productions, Inc.

9       41.    Defendant 3EB PUBLISHING is an unknown entity. On information

10  and belief, Defendant Jenkins is the sole owner of 3EB Publishing.

11       42.    Defendant THOMAS IRVING MANDELBAUM is a New York

12  resident and an attorney licensed to practice law in the New York.

13       43.    Defendant HISCOCK & BARCLAY, LLP is a New York limited

14  liability partnership with its principal place of business in New York, New York.

15  On information and belief, Defendant Mandelbaum is a partner with Hiscock &

16  Barclay, LLP.

17       44.    Defendant DAVID RAWSON is a California resident, and Third Eye

18  Blind's accountant.

19       45.    Defendant EMI BLACKWOOD MUSIC, INC. is a Connecticut

20  corporation registered to do business in California. It maintains an office in this

21  judicial district in Los Angeles, California. It is a registered claimant of several of

22  the Third Eye Blind songs for which Fredianelli seeks a declaration of authorship.

23       46.    Fredianelli is unaware of the true names and capacities of defendants

24  sued herein as Does 1-10 and therefore sues those defendants by such fictitious

25  names. Fredianelli will amend this complaint to allege their true names and

26  capacities when ascertained. Fredianelli is informed and believes, and on that basis

27  alleges that each of the fictitiously named defendants is responsible in some

28  manner for the occurrences herein alleged, and that Fredianelli's injuries as alleged

1  herein were proximately caused by such defendants. Theses fictitiously named

2  defendants, along with Jenkins, Hargreaves, Third Eye Blind, Inc., 3EB Touring,

3  Inc., Stephen Jenkins Productions, Inc., 3EB Publishing, Thomas Mandelbaum,

4  Hiscock & Barclay, LLP, David Rawson, and EMI Blackwood Music, Inc. are

5  referred to collectively herein as "defendants".

6        47.    Each defendant aided and abetted the actions of the other defendants

7  set forth below, in that each defendant had knowledge of those actions, provided

8  assistance and benefitted from those actions. Each of the defendants was the agent

9  of each of the other defendants, and in doing the things hereinafter alleged, was

10  acting within the course and scope of such agency and with the permission and

11  consent of the other defendants.

12

13                        **IV.   FACTS**

14  **A.    Fredianelli Founded Third Eye Blind**

15        48.    Third Eye Blind (sometimes abbreviated 3eb) is an American

16  alternative rock band formed in the early 1990s.

17        49.    The band is best known for the hit singles "Semi-Charmed Life",

18  "How's It Going to Be", and "Jumper".

19        50.    The band's lead singer is Defendant Stephan Jenkins.

20        51.    Tony Fredianelli was the band's original lead guitarist and co-author

21  of Third Eye Blind songs before the band became famous following its first major

22  album release in 1997.

23        52.    The guitarist who replaced Fredianelli in the band eventually was

24  voted out of the band in or about January 2000, at which time Fredianelli was

25  brought back into the band as its lead guitarist and primary songwriter.

26        53.    The band's manager from its early days was Eric Godtland.

27  **B.    Fredianelli Became a Partner in Third Eye Blind**

28        54.    Upon Fredianelli's return to the band in early 2000, he was brought

1   back as a salary musician. His agreement provided that he would become an
2   "official" band member and partner again after a 2-year "probationary" period.

3       55.     In March 2003, Godtland met with Fredianelli as agreed by the other
4   band members and officially offered to Fredianelli the Third Eye Blind partnership
5   arrangement, which Fredianelli accepted. From at least this time in March 2003,
6   Fredianelli acted and was treated as a full partner of the band.

7       56.     The band conducted all of its business operations with Fredianelli
8   functioning as a full partner.

9       57.     During this time, Jenkins began misappropriating Third Eye Blind
10  opportunities by forming separate corporations to conduct band-related business.
11  He did not disclose the existence of those entities to Fredianelli.

12  **C.     Fredianelli Continued to Devote His Efforts to the Partnership**

13      58.     For the next several years, Fredianelli's work for and role within the
14  band increased.

15      59.     Jenkins spent much of his time on other personal projects such as real-
16  estate speculation and interior decorating.

17      60.     Hargreaves devoted most of his time to touring with another band in
18  which he was involved.

19      61.     The band's attorney, Defendant Thomas Mandelbaum, helped arrange
20  various publishing deals for band members, although they routinely seem to
21  benefit Jenkins more than the other band members.

22      62.     In or around mid-2006, band bassist Arion Salazar left the band
23  leaving Fredianelli, Jenkins, and the band's drummer Defendant Bradley
24  Hargreaves as the only three remaining partners. Accordingly, each of the partner's
25  shares of the band's revenues increased.

26      63.     Throughout 2006 and 2007, Jenkins began various music projects
27  away from the band, leaving most band responsibilities to Fredianelli.

28      64.     Fredianelli took on the leadership of the band. He formed the band's

1   first MySpace page and released instrumentals and digital-only tracks to shore up

2   the band's declining fan base.

3     65. Fredianelli also developed "street team think tanks" in order to a new

4   generation of Third Eye Blind fans.

5     66. Fredianelli's rebranding and marketing efforts led to a significant

6   increase in "college band" touring revenues and resurgence in Third Eye Blind

7   popularity.

8     67. Jenkins was dismissive of Fredianelli's efforts to develop and expand

9   the band's fan base: "Those fans you waste your time with don't matter—They are

10   only a few kids who are just a bunch of crybabies anyway."

11   **D. Jenkins Causes Third Eye Blind to Sue Its Long-Time Manager**

12     68. As the band's following grew, Jenkins and the band's attorney,

13   Mandelbaum, began to lobby the band to fire their manager, Godtland, to "shop for

14   a better record deal."

15     69. As it turned out, the "deal" Jenkins and Mandelbaum wanted was for

16   Jenkins and Mandelbaum to cut out Godtland, have Jenkins and Mandelbaum take

17   over as managers and for the band to sign under another new label, which Jenkins

18   and Mandelbaum would own and control. Mandelbaum would be the new label's

19   president.

20     70. During this time, Mandelbaum maintained an office in Los Angeles

21   from which he represented the band and Fredianelli as an attorney and engaged in

22   the tortious activity described herein.

23     71. By early 2008, Jenkins forced his partners Fredianelli and Hargreaves

24   to go along with his plan to sue Godtland and force him out as band manager.

25   Jenkins told them that "I am Third Eye Blind." Jenkins threatened that if

26   Fredianelli and Hargreaves did not agree to sue Godtland that Jenkins would go do

27   something else and leave the band without a lead singer and fail to deliver on the

28   new album he had been promising to Third Eye Blind fans for years.

72.     At one point Jenkins declared that he already was rich and did not need Third Eye Blind anymore, but that Fredianelli and Hargreaves did, so they'd better go along or they'd lose everything. Jenkins and his lawyers met with Hargreaves in Los Angeles and convinced him to support the lawsuit against Godtland.

73.     Finally, in a private meeting with Fredianelli, Jenkins promised Fredianelli that if he would go along with the lawsuit and pay for it out of the band's touring revenue, that Jenkins would keep the legal fees for the proposed lawsuit against Godtland to $100,000 or less and would finally finish the band's new record as Fredianelli had wanted.

74.     Jenkins even promised that if Fredianelli and Hargreaves were unhappy with the new management job Jenkins and Mandelbaum would do, that Fredianelli and Hargreaves could "fire" Jenkins and Mandelbaum.

75.     Fredianelli reluctantly agreed to the lawsuit.

76.     In June 2008, the band sued Godtland. It was around this time that Jenkins and Mandelbaum took over as managers. They immediately began to enrich themselves at the expense of Fredianelli and Third Eye Blind.

77.     Indeed, once Godtland was "terminated" in early 2008, Jenkins promptly secured a large publishing deal worth $2.25 million for his portion of Third Eye Blind's catalog of songs.

78.     The band also released a digital musical work *Red Star* EP in November 2008 and its first full-length album in six years, *Ursa Major*, in August 2009, which debuted at No. 3 on the Billboard charts.

79.     Fredianelli authored or co-authored many of these new songs; however, he and Jenkins never reached an agreement on a proper "split" for the songs.

80.     Unknown to Fredianelli, Jenkins simply registered the copyrights for these songs in the name of one of his separate corporations, telling Fredianelli only

1   that there would be "plenty of time" to figure out the fair splits for the new songs.

2       81.    Throughout this time, Jenkins also used band revenues to pay for the

3   ongoing and increasingly expensive litigation with Godtland. Contrary to Jenkins's

4   representation, he caused the partnership to spend well over a million dollars on

5   the Godtland lawsuit.

6       82.    In that litigation, Godtland filed crossclaims against Jenkins,

7   Fredianelli and the band. Jenkins used the band's funds to defend those

8   crossclaims.

9       83.    Jenkins later tendered the costs of that defense under the band's

10  insurance policy which had also been paid for by the band's funds. But Jenkins

11  failed to disclose that he had made himself the sole beneficiary on that policy.

12  Instead of returning those funds to the partnership, Jenkins personally retained

13  them.

14      84.    The litigation against Godtland confirmed that Jenkins's lawsuit was

15  merely an effort to freeze out Godtland from Third Eye Blind revenues, including

16  his portion of Jenkins's $2,250,000 asset sale, and avoid paying him any

17  percentage of band publishing, touring, endorsement, and music deals.

18      85.    Jenkins and the band's Los Angeles-based litigation counsel

19  demanded that Fredianelli perjure himself during his deposition in Los Angeles in

20  the Godtland litigation to support the band's case. When Fredianelli refused to

21  comply with those demands, Jenkins began taking steps to freeze Fredianelli out of

22  the partnership.

23

24  **E.    Jenkins and Mandelbaum Become the Band's Managers and Begin
        Excluding Fredianelli for Their Own Benefit**

25      86.    Jenkins and Mandelbaum began to exclude Fredianelli from all band

26  discussions and effectively treated him as an outsider.

27      87.    Fredianelli was no longer privy to litigation conferences regarding the

28  status of the lawsuit that he was funding. In fact, the litigation with Godtland was

1  eventually resolved without Fredianelli even being informed of the final settlement

2  terms, despite the fact that Fredianelli was a named party in the action.

3      88.    Importantly, throughout this time, Jenkins and Mandelbaum were

4  officially Fredianelli's manager and attorney, respectively, and had a fiduciary

5  responsibility to him.

6      89.    By April 2009, Jenkins informed Fredianelli that Fredianelli was no

7  longer allowed on the band touring bus, and that he should ride with the crew.

8  Jenkins similarly cut Fredianelli out of all band press appearances.

9      90.    When Fredianelli attempted to discuss with Jenkins and Mandelbaum

10 various band issues, including the ongoing split for Fredianelli's co-authorship of

11 songs on the band's recent album, both Jenkins and Mandelbaum did nothing.

12     91.    Even though Fredianelli was a full partner in the band and the band's

13 business, in January 2008, Jenkins unilaterally cut Fredianelli's income share of

14 band proceeds from 33.33% to 25%. Jenkins continued to reduce Fredianelli's

15 share from there.

16     92.    Jenkins and Mandelbaum refused Fredianelli any accounting of

17 amounts spent on the Third Eye Blind litigation with Godtland.

18     93.    Jenkins and Mandelbaum never paid Fredianelli his legitimate

19 partnership share from *Red Star* EP or *Ursa Major*, which was partially recorded

20 and mixed in Los Angeles, or the band's highly successful 2009 concert tours and

21 related merchandising.

22     94.    Following the band's 2009 New Year's Eve concert, Jenkins finally

23 locked Fredianelli completely out of the partnership. Jenkins hired an employee

24 guitarist to perform—in the band and business that Fredianelli co-owned—for all

25 2010 concerts. Jenkins and Mandelbaum thereafter refused to inform Fredianelli of

26 any 2010 Third Eye Blind events. Also, despite his role as manager, Jenkins

27 regularly failed to advise Fredianelli of the band's travel information and other key

28 information.

95.     The band toured extensively throughout 2010 without Fredianelli and failed to pay him his partnership share of those revenues.

**F.     Defendant Rawson Is Improperly Withholding Fredianelli's Royalty Payments**

96.     Fredianelli is entitled to receive certain royalties arising from licensing of Third Eye Blind music, including royalties arising from digital sales of that music.

97.     Those royalties are designed to be paid to the band members, including Fredianelli, through the band's accountant, Defendant Rawson, who then is required to distribute those royalties to the band members. Fredianelli, Jenkins, and Hargreaves are each entitled to an equal one-third portion of those royalties.

98.     Rawson also provided separate accounting services to Fredianelli for which Fredianelli made payments to Rawson's accounting firm, Defendant Zeisler, Zeisler, Rawson & Johnson LLP.

99.     Rawson has refused to provide Fredianelli with his equal portion of those royalties.

**G.     Third Eye Blind Trademarks**

100.    Stephan Jenkins Productions, Inc. owns U.S. federal trademark registrations for the THIRD EYE BLIND and 3EB trademarks. Jenkins now asserts that he alone owns all things related to Third Eye Blind.

101.    Jenkins filed applications to register these marks under his own company on September 17, 2008, around the same time he forced out Godtland and he and Mandelbaum had taken over as managers.

**H.     Fredianelli Has Suffered Substantial Damages**

102.    Fredianelli has suffered substantial damages as a result of Defendants' unlawful conduct.

103.    He has been excluded from participation in the Third Eye Blind partnership and cut off from receiving income arising from royalties, licensing, and

1 touring.

2    104.   Moreover, Defendants misappropriation of Fredianelli's performance

3 and recording equipment has severely impacted his ability to work.

4    105.   Defendants' conduct has cost Fredianelli all of his savings and he is

5 on the verge of bankruptcy. And Fredianelli and his family have lost their home

6 and are living with relatives.

7

8

9                   **V.    FIRST CAUSE OF ACTION**
                       **BREACH OF FIDUCIARY DUTY**

10    106.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

11 105 as though fully set forth herein.

12    107.   This cause of action is alleged only against Defendant Stephan

13 Jenkins.

14    108.   In his capacity as a manager and partner in Third Eye Blind, Jenkins

15 owed fiduciary duties to Fredianelli as a partner in Third Eye Blind.

16    109.   Jenkins breached his fiduciary duties to Fredianelli. By way of

17 example only, Jenkins breached his fiduciary duties to Fredianelli by

18 misappropriating Third Eye Blind assets and opportunities for his own benefit, by

19 siphoning of Third Eye Blind assets into his wholly owned corporations, by

20 freezing Fredianelli out from participating in and benefitting from the Third Eye

21 Blind partnership, and by spending partnership assets wastefully and contrary to

22 his affirmative representations (such as spending over a million dollars on the

23 Godtland litigation even though he promised not to spend more than $100,000).

24    110.   As a direct, proximate, and foreseeable result of Jenkins's

25 aforementioned breaches of fiduciary duties owed to Fredianelli, Fredianelli has

26 been damaged in an amount to be determined at trial.

27    111.   Defendant Jenkins's aforementioned breaches of the fiduciary duties

28 he owed to Fredianelli were done with oppression, fraud and/or malice as defined

1 in CAL. CIV. CODE § 3294(a).

2

3

### VI. SECOND CAUSE OF ACTION
### ACCOUNTING

4

5 112. Plaintiff incorporates the allegations set forth in paragraphs 1 through

6 111 as though fully set forth herein.

7 113. This cause of action is alleged against Defendants Jenkins, Third Eye

8 Blind, Inc., 3EB Touring, Inc., and Stephan Jenkins Productions, Inc.

9 114. Plaintiff requests an accounting of the disposition of any and all

10 moneys and assets Jenkins or one of his entities misappropriated from Third Eye

11 Blind and/or from Fredianelli and the value of the royalties and profits Fredianelli

12 is entitled to as a partner in Third Eye Blind.

13

14

### VII. THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

15

16 115. Plaintiff incorporates the allegations set forth in paragraphs 1 through

17 114 as though fully set forth herein.

18 116. This cause of action is alleged only against Defendant Mandelbaum.

19 117. In his capacity as a manager in and lawyer for Third Eye Blind,

20 Mandelbaum owed fiduciary duties to Fredianelli as a partner in Third Eye Blind.

21 118. Mandelbaum breached his fiduciary duties to Fredianelli. By way of

22 example only, Mandelbaum breached his fiduciary duties to Fredianelli by

23 misappropriating Third Eye Blind assets and opportunities for his own benefit and

24 by simultaneously representing Fredianelli, Jenkins and Third Eye Blind in various

25 transactions despite the existence of an actual conflict among them and despite not

26 having advised them of the existence of that conflict.

27 119. As a direct, proximate, and foreseeable result of Mandelbaum's

28 aforementioned breaches of fiduciary duties owed to Fredianelli, Fredianelli has

1 | been damaged in an amount to be determined at trial.

2 | 120. Mandelbaum's breaches of his fiduciary duties to Fredianelli were

3 | done with oppression, fraud and/or malice as defined in CAL. CIV. CODE § 3294(a).

### VIII. FOURTH CAUSE OF ACTION
### ACCOUNTING

7 | 121. Plaintiff incorporates the allegations set forth in paragraphs 1 through

8 | 120 as though fully set forth herein.

9 | 122. This cause of action is alleged against Defendants Mandelbaum and

10 | Hiscock & Barclay, LLP.

11 | 123. Plaintiff requests an accounting of the disposition of any and all

12 | moneys and assets Mandelbaum misappropriated from Third Eye Blind and/or

13 | from Fredianelli.

### IX. FIFTH CAUSE OF ACTION
### LEGAL MALPRACTICE

17 | 124. Plaintiff incorporates the allegations set forth in paragraphs 1 through

18 | 123 as though fully set forth herein.

19 | 125. This cause of action is alleged against Defendants Mandelbaum and

20 | Hiscock & Barclay, LLP.

21 | 126. Mandelbaum had an attorney-client relationship with Fredianelli

22 | sufficient to impose a duty of care on Mandelbaum with regard to Fredianelli.

23 | 127. Mandelbaum simultaneously represented Defendant Jenkins and other

24 | members of the band as well as the band itself.

25 | 128. Mandelbaum breached his duty to Fredianelli. By way of example

26 | only, Mandelbaum breached his duty to Fredianelli by misappropriating Third Eye

27 | Blind assets and opportunities for his own benefit, by simultaneously representing

28 | Fredianelli, Jenkins, and Third Eye Blind in various transactions despite the

existence of an actual conflict among them and despite not having advised them of the existence of that conflict, and by personally participating in transactions directly impacting Third Eye Blind and Fredianelli's interests.

129. Mandelbaum had an attorney-client relationship with Fredianelli and breached that duty while Mandelbaum was a partner at Hiscock & Barclay, LLP

130. As a direct, proximate, and foreseeable result of Mandelbaum's aforementioned breaches of his duty of care to Fredianelli, Fredianelli has been damaged in an amount to be determined at trial.

131. Mandelbaum's breaches of the duty of care he owed Fredianelli were done with oppression, fraud and/or malice as defined in CAL. CIV. CODE § 3294(a).

## X.    SIXTH CAUSE OF ACTION
## CONVERSION

132. Plaintiff incorporates the allegations set forth in paragraphs 1 through 131 as though fully set forth herein.

133. This cause of action is alleged against Defendants Mandelbaum and Hiscock & Barclay, LLP.

134. Plaintiff Fredianelli owns certain files relating to his legal affairs.

135. Defendant Mandelbaum took possession of those files during the course of his representation of Fredianelli and has refused to return them.

136. As a direct, proximate, and foreseeable result of Defendants' unlawful conversion of Fredianelli's equipment, Fredianelli has been damaged in an amount to be determined at trial.

137. Defendants' conversion of Fredianelli's documents as described above was done with oppression, fraud, and/or malice as defined in CAL. CIV. CODE § 3294(a).

## XI.   SEVENTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

138.   Plaintiff incorporates the allegations set forth in paragraphs 1 through 137 as though fully set forth herein.

139.   This cause of action is alleged against Defendant Rawson and Zeisler, Zeisler, Rawson & Johnson LLP.

140.   In his capacity as an accountant for Third Eye Blind, Rawson owed fiduciary duties to Fredianelli as a partner in Third Eye Blind.

141.   Rawson breached his fiduciary duties to Fredianelli. By way of example only, Rawson breached his fiduciary duties to Fredianelli by improperly withholding royalties he held received in trust for Fredianelli.

142.   As a direct, proximate, and foreseeable result of Rawson's aforementioned breaches of fiduciary duties owed to Fredianelli, Fredianelli has been damaged in an amount to be determined at trial.

143.   Rawson' breaches of his fiduciary duties to Fredianelli were done with oppression, fraud and/or malice as defined in CAL. CIV. CODE § 3294(a).

## XII.   EIGHTH CAUSE OF ACTION
## ACCOUNTING

144.   Plaintiff incorporates the allegations set forth in paragraphs 1 through 143 as though fully set forth herein.

145.   This cause of action is alleged against Defendants Rawson and Zeisler, Zeisler, Rawson & Johnson LLP.

146.   Plaintiff requests an accounting of the disposition of any and all royalties Rawson and/or Zeisler, Zeisler, Rawson & Johnson LLP have received or continue to receive on Third Eye Blind's behalf.

1

## XIII.  NINTH CAUSE OF ACTION
## CONVERSION

2

3       147.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

4   146 as though fully set forth herein.

5       148.   This cause of action is alleged against Defendant Rawson.

6       149.   Plaintiff Fredianelli is entitled to receive certain royalties arising from

7   licensing of Third Eye Blind music.

8       150.   Those royalties are designed to be paid to the band members,

9   including Fredianelli, through Rawson who receives them in his role as the band's

10  accountant.

11      151.   Rawson has refused to provide Fredianelli with his equal portion of

12  those royalties.

13      152.   As a direct, proximate, and foreseeable result of Defendants' unlawful

14  conversion of Fredianelli's royalty payments, Fredianelli has been damaged in an

15  amount to be determined at trial.

16      153.   Rawson's conversion of Fredianelli's royalty payments as described

17  above was done with oppression, fraud, and/or malice as defined in CAL. CIV.

18  CODE § 3294(a).

19

20

## XIV.  TENTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
## ADVANTAGE

21

22      154.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

23  153 as though fully set forth herein.

24      155.   This cause of action is alleged only against Defendant Mandelbaum.

25      156.   Plaintiff had an existing business relationship with Third Eye Blind,

26  Stephan Jenkins, and Bradley Hargreaves.

27      157.   Defendant Mandelbaum interfered with those relationships and caused

28  injury to Plaintiff as a result.

158. Mandelbaum's interference was wrongful because he was a manager and an attorney for Third Eye Band and his conduct violated his duties to Fredianelli and the standard of care imposed on Mandelbaum as an attorney.

159. Mandelbaum knew about those relationships and his conduct was designed to interfere with them for his personal benefit.

160. As a direct, proximate, and foreseeable result of Mandelbaum's intentional interferences with Fredianelli's business relationships, Fredianelli has been damaged in an amount to be determined at trial.

161. Mandelbaum's intentional interference with Fredianelli's business relationships was done with oppression, fraud and/or malice as defined in CAL. CIV. CODE § 3294(a).

## XV. ELEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF – 28 U.S.C. § 2201
## COPYRIGHT AUTHORSHIP IN "SEMI-CHARMED LIFE"
## U.S. REG. NOS. PA0000797856 & PA0000913999

162. Plaintiff incorporates the allegations set forth in paragraphs 1 through 161 as though fully set forth herein.

163. This cause of action is alleged against Defendants Jenkins, 3EB Publishing, and EMI Blackwood Music, Inc.

164. A justiciable substantial controversy exists between Plaintiff on the one hand and Defendants Jenkins, 3EB Publishing, and EMI Blackwood Music, Inc. on the other hand over whether Fredianelli is an author on the works entitled "Semi-charmed life ; Jumper ; I want you ; Motorcycle drive by." U.S. Reg. No. PA0000797856 and "Semi-charmed life; Jumper; I want you et al. By Stephan Jenkins.[sic]" U.S. Reg. No. PA0000913999. Defendant Jenkins is the only author disclosed on the registrations for those works and 3EB Publishing and EMI Blackwood Music, Inc. are identified as a claimant on each.

165. Fredianelli and Jenkins, 3EB Publishing, and EMI Blackwood Music,

1  Inc. have existing or genuine rights or interests upon which this Court's judgment

2  may effectively operate with the force and effect of a final judgment at law or

3  decree in equity upon the legal relationships of the parties.

4  166. This proceeding is genuinely adversarial in character between

5  Fredianelli and Jenkins, 3EB Publishing, and EMI Blackwood Music, Inc.

6  167. A declaration by the Court would terminate the controversy between

7  Fredianelli and Jenkins, 3EB Publishing, and EMI Blackwood Music, Inc.

8  168. The parties need the Court to settle and to afford relief from

9  uncertainty and insecurity with respect to rights, status, and other legal relations

10  among them.

11  169. This substantial controversy is of sufficient immediacy and reality to

12  warrant the issuance of a declaratory judgment.

13  170. This Court has the power to declare the rights, status, and other legal

14  relations between the parties pursuant to 28 U.S.C. § 2201, *et seq*.

15  171. Accordingly, Plaintiff requests that the Court issue a judgment

16  declaring that Fredianelli is an author on the works entitled "Semi-charmed life ;

17  Jumper ; I want you ; Motorcycle drive by." U.S. Reg. No. PA0000797856 and

18  "Semi-charmed life; Jumper; I want you et al. By Stephan Jenkins.[sic]" U.S. Reg.

19  No. PA0000913999.

20

21

22  **XVI. TWELFTH CAUSE OF ACTION**
   **DECLARATORY RELIEF – 28 U.S.C. § 2201**
   **COPYRIGHT AUTHORSHIP IN "FARTHER"**

23  **U.S. REG. NO. PA0001040116**

24  172. Plaintiff incorporates the allegations set forth in paragraphs 1 through

25  171 as though fully set forth herein.

26  173. This cause of action is alleged against Defendants Jenkins, 3EB

27  Publishing, and EMI Blackwood Music, Inc.

28  174. A justiciable substantial controversy exists between Plaintiff on the

1  one hand and Defendants Jenkins, 3EB Publishing, and EMI Blackwood Music,

2  Inc. on the other hand over whether Fredianelli is an author on the work entitled

3  "Blue. By Stephen Jenkins.[sic]" U.S. Reg. No. PA0001040116. Defendant

4  Jenkins is the only author disclosed on the registrations for that work and 3EB

5  Publishing and EMI Blackwood Music, Inc. are identified as claimants.

6        175.   Fredianelli and Jenkins, 3EB Publishing, and EMI Blackwood Music,

7  Inc. have existing or genuine rights or interests upon which this Court's judgment

8  may effectively operate with the force and effect of a final judgment at law or

9  decree in equity upon the legal relationships of the parties.

10       176.   This proceeding is genuinely adversarial in character between

11 Fredianelli and Jenkins, 3EB Publishing, and EMI Blackwood Music, Inc.

12       177.   A declaration by the Court would terminate the controversy between

13 Fredianelli and Jenkins, 3EB Publishing, and EMI Blackwood Music, Inc.

14       178.   The parties need the Court to settle and to afford relief from

15 uncertainty and insecurity with respect to rights, status, and other legal relations

16 among them.

17       179.   This substantial controversy is of sufficient immediacy and reality to

18 warrant the issuance of a declaratory judgment.

19       180.   This Court has the power to declare the rights, status, and other legal

20 relations between the parties pursuant to 28 U.S.C. § 2201, *et seq*.

21       181.   Accordingly, Plaintiff requests that the Court issue a judgment

22 declaring that Fredianelli is an author on the work entitled "Blue. By Stephen

23 Jenkins.[sic]" U.S. Reg. No. PA0001040116.

24

25

26                    **XVII. THIRTEENTH CAUSE OF ACTION**
                      **DECLARATORY RELIEF – 28 U.S.C. § 2201**
27              **COPYRIGHT AUTHORSHIP IN *URSA MAJOR* SONGS**
                           **MULTIPLE U.S. REG. NOS.**

28       182.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

181 as though fully set forth herein.

183.   This cause of action is alleged only against Defendant Third Eye Blind, Inc.

184.   A justiciable substantial controversy exists between Plaintiff and Defendant Third Eye Blind, Inc. over whether Fredianelli is an author and joint owner of certain songs included on Third Eye Blind's *Ursa Major* album. Third Eye Blind, Inc. is listed as the sole author of each of those works.

185.   Fredianelli and Third Eye Blind, Inc. have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

186.   This proceeding is genuinely adversarial in character between Fredianelli and Third Eye Blind, Inc.

187.   A declaration by the Court would terminate the controversy between Fredianelli and Third Eye Blind, Inc.

188.   The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

189.   This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

190.   This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq*.

191.   Accordingly, Plaintiff requests that the Court issue a judgment declaring that Fredianelli is an author on the songs on *Ursa Major*.

## XVIII. FOURTEENTH CAUSE OF ACTION
### DECLARATORY RELIEF – 28 U.S.C. § 2201
### COPYRIGHT AUTHORSHIP IN *RED STAR* SONGS
### MULTIPLE U.S. REG. NOS.

192. Plaintiff incorporates the allegations set forth in paragraphs 1 through 191 as though fully set forth herein.

193. This cause of action is alleged only against Defendant Third Eye Blind, Inc.

194. A justiciable substantial controversy exists between Plaintiff and Defendant Third Eye Blind, Inc. over whether Fredianelli is an author and joint owner of certain songs included on Third Eye Blind's *Red Star* EP. Third Eye Blind, Inc. is listed as the sole author of each of those works.

195. Fredianelli and Third Eye Blind, Inc. have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

196. This proceeding is genuinely adversarial in character between Fredianelli and Third Eye Blind, Inc.

197. A declaration by the Court would terminate the controversy between Fredianelli and Third Eye Blind, Inc.

198. The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

199. This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

200. This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq*.

201. Accordingly, Plaintiff requests that the Court issue a judgment declaring that Fredianelli is an author of the songs on *Red Star* EP.

## XIX.  FIFTEENTH CAUSE OF ACTION

### DECLARATORY RELIEF – 28 U.S.C. § 2201
### TRADEMARK OWNERSHIP IN THE THIRD EYE BLIND MARKS
### U.S. REGS. NO. 77,572,187; 77,572,203; and 77,572,211

202.   Plaintiff incorporates the allegations set forth in paragraphs 1 through 201 as though fully set forth herein.

203.   This cause of action is alleged only against Defendant Stephan Jenkins Publishing, Inc.

204.   A justiciable substantial controversy exists between Fredianelli and Stephan Jenkins Publishing, Inc. over whether Fredianelli is an owner of the Third Eye Blind trademarks including THIRD EYE BLIND® U.S. Regs. No. 77,572,187; 77,572,203; and 77,572,211. Defendant Stephan Jenkins Publishing, Inc. is the registered owner of the THIRD EYE BLIND trademarks.

205.   Fredianelli and Stephan Jenkins Publishing, Inc. have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

206.   This proceeding is genuinely adversarial in character between Fredianelli and Stephan Jenkins Publishing, Inc.

207.   A declaration by the Court would terminate the controversy between Fredianelli and Stephan Jenkins Publishing, Inc.

208.   The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

209.   This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

210.   This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq*.

211.   Accordingly, Plaintiff requests that the Court issue a judgment

1   declaring that Fredianelli is an owner of the THIRD EYE BLIND trademarks.

2

3

4   **XX.   SIXTEENTH CAUSE OF ACTION**
    **DECLARATORY RELIEF – 28 U.S.C. § 2201**
    **TRADEMARK OWNERSHIP IN THE 3EB MARKS**
5   **U.S. REGS. NO. 77,572,227; 77,572,238; AND 77,572,245**

6       212.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

7   211 as though fully set forth herein.

8       213.   This cause of action is alleged only against Defendant Stephan

9   Jenkins Publishing, Inc.

10      214.   A justiciable substantial controversy exists between Fredianelli and

11  Stephan Jenkins Publishing, Inc. over whether Fredianelli is an owner of the Third

12  Eye Blind trademarks including 3EB U.S. Regs. No. 77,572,227; 77,572,238; and

13  77,572,245. Defendant Stephan Jenkins Publishing, Inc. is the registered owner of

14  the 3EB trademarks.

15      215.   Fredianelli and Stephan Jenkins Publishing, Inc. have existing or

16  genuine rights or interests upon which this Court's judgment may effectively

17  operate with the force and effect of a final judgment at law or decree in equity

18  upon the legal relationships of the parties.

19      216.   This proceeding is genuinely adversarial in character between

20  Fredianelli and Stephan Jenkins Publishing, Inc.

21      217.   A declaration by the Court would terminate the controversy between

22  Fredianelli and Stephan Jenkins Publishing, Inc.

23      218.   The parties need the Court to settle and to afford relief from

24  uncertainty and insecurity with respect to rights, status, and other legal relations

25  among them.

26      219.   This substantial controversy is of sufficient immediacy and reality to

27  warrant the issuance of a declaratory judgment.

28      220.   This Court has the power to declare the rights, status, and other legal

1  relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

2    221.   Accordingly, Plaintiff requests that the Court issue a judgment

3  declaring that Fredianelli is an owner of the 3EB trademarks.

4

5

6

### XXI.  SEVENTEENTH CAUSE OF ACTION
### CONVERSION

7    222.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

8  221 as though fully set forth herein.

9    223.   This cause of action is alleged against Defendants Jenkins,

10  Hargreaves, Third Eye Blind, Inc., and 3EB Touring, Inc.

11    224.   Plaintiff Fredianelli owns certain valuable musical and recording

12  equipment including several valuable guitars. Fredianelli has a right to possess that

13  equipment.

14    225.   Defendants Jenkins, Hargreaves, Third Eye Blind, Inc., and 3EB

15  Touring, Inc. have wrongfully exercised control over Fredianelli's equipment and

16  have applied the equipment to their own use. Specifically, they extensively used

17  Fredianelli's equipment during Third Eye Blind's 2010 touring.

18    226.   Some of Fredianelli's equipment has been returned but Defendants

19  remain in possession of a significant amount.

20    227.   As a direct, proximate, and foreseeable result of Defendants' unlawful

21  conversion of Fredianelli's equipment, Fredianelli has been damaged in an amount

22  to be determined at trial.

23    228.   Defendants' conversion of Fredianelli's equipment was done with

24  oppression, fraud and/or malice as defined in CAL. CIV. CODE § 3294(a).

25

26

### XXII. EIGHTEENTH CAUSE OF ACTION
### UNJUST ENRICHMENT

27

28    229.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

1 | 228 as though fully set forth herein.

2 | 230.   This cause of action is alleged against all Defendants.

3 | 231.   Defendants have benefitted from and been enriched by the above-
4 | alleged conduct by receiving or retaining money or property rightfully belonging to
5 | Fredianelli, by seizing opportunities rightfully belonging to Fredianelli, and/or by
6 | depriving Fredianelli of other rights to the benefit of defendants.

7 | 232.   Defendants have knowledge of those benefits and have voluntarily
8 | accepted and retained those benefits.

9 | 233.   Under the circumstances described herein, it would be inequitable for
10 | Defendants to retain those ill-gotten benefits without paying Fredianelli for the
11 | value of those benefits.

12 | 234.   Fredianelli is entitled to recover the amount of Defendants' ill-gotten
13 | gains, including interest, resulting from their unlawful and inequitable conduct as
14 | alleged herein.

15 | 235.   Fredianelli seeks the imposition of a constructive trust over all money
16 | and property by which the Defendants have been unjustly enriched as a result of
17 | their unlawful and inequitable conduct as alleged herein.

18 |
19 | ### XXIII.        RELIEF REQUESTED

20 | WHEREFORE, Plaintiff ANTHONY FREDIANELLI requests that the
21 | Court enter judgment against Defendants STEPHAN JENKINS, BRADLEY
22 | HARGREAVES, THIRD EYE BLIND, INC., 3EB TOURING, INC., STEPHEN
23 | JENKINS PRODUCTIONS, INC., 3EB PUBLISHING, THOMAS IRVING
24 | MANDELBAUM, HISCOCK & BARCLAY, LLP, DAVID RAWSON, ZEISLER,
25 | ZEISLER, RAWSON & JOHNSON LLP, and EMI BLACKWATER MUSIC, INC.
26 | as follows:

27 | 1.   That the Court enter a Judgment awarding Plaintiff all quantifiable
28 | and measurable damages sustained by Plaintiff by reason of the

1      Defendants' acts complained of herein in excess of eight million
2      dollars ($8,000,000).

3    2.    That the Court enter a Judgment awarding Plaintiff punitive damages.

4    3.    That the Court enter a Judgment declaring that Plaintiff is an author
5      on certain Third Eye Blind songs as described herein.

6    4.    That the Court enter a Judgment declaring that Plaintiff is an owner of
7      certain Third Eye Blind trademarks as described herein.

8    5.    That the Court award Plaintiff his costs and attorneys' fees.

9    6.    That the Court grant such other, further, and different relief as the
10     Court deems proper under the circumstances.

12   Dated this 22nd day of February, 2011.

14          Respectfully Submitted,

15          **NEWMAN DU WORS LLP**

16

17    By:        _[signature]_
               Derek A. Newman, State Bar No. 190467
18          derek@newmanlaw.com
               Derek Linke (_pro hac vice_ to be filed)
19          linke@newmanlaw.com
               John Du Wors, State Bar No. 233913
20          duwors@newmanlaw.com

21          Attorneys for Plaintiff
               ANTHONY FREDIANELLI

COMPLAINT

1

## JURY DEMAND

2   Pursuant to FED. R. CIV. P. 38(b), Plaintiff Tony Fredianelli demands a trial

3 by jury of all issues presented in this complaint which are triable by jury.

4

5   Dated this 22nd day of February, 2011.

6             Respectfully Submitted,

7             **NEWMAN DU WORS LLP**

8

9     By:

10            Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com

11           John Du Wors, State Bar No. 233913
duwors@newmanlaw.com

12           Derek Linke (*pro hac vice* to be filed)
linke@newmanlaw.com

13           Attorneys for Plaintiff
ANTHONY FREDIANELLI

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Name & Address:
Newman & Newman, Attorneys at Law, LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Tel: (206) 274-2800
Fax: (206) 274-2801

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANTHONY FREDIANELLI

PLAINTIFF(S)

STEPHAN JENKINS: in d iv i d u a L

S ce   Attached

| CASE NUMBER |
| --- |
| **CV11 01562 R (JCx)** |

**SUMMONS**

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Derek Newman</u> _____, whose address is <u>Newman & Newman, 1201 Third Avenue, Suite 1600, Seattle, WA  98101</u> _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ FEB 2 2 2011

CHRISTOPHER POWERS

By: _____
Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) ANTHONY FREDIANELLI | DEFENDANTS STEPHAN JENKINS et al. |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Newman & Newman, Attorneys at Law, LLP 1201 Third Avenue, Suite 1600 Seattle, WA 98101, (206) 274-2800 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 8,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2201 - declaratory judgment as to copyright authorship under the Copyright Act, Title 17, U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV11 01562

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
          ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
          ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
          ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles: Bradley Hargeaves, EMI Blackwood Music, Inc. | San Francisco: Jenkins, Third Eye Blind, Inc., 3EB Touring, Inc., Stephen Jenkins Publishing Inc., 3EB Publishing, Rawson, Zeisler, Zeisler, and Rawson<br>New York: Mandelbaum, Hiscock & Barclay, LLP |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Nevada |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 2/22/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |