UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FREDIANELLI,<br><br>  Plaintiff,<br><br>   v.<br><br>STEPHAN JENKINS, *et al.*,<br><br>  Defendants.<br>_____/ | No. C-11-3232 EMC<br><br>**ORDER DENYING PLAINTIFF'S "MOTION FOR SUA SPONTE INJUNCTIVE RELIEF"**<br><br>**(Docket No. 178)** |

Plaintiff Anthony Fredianelli has filed a brief titled, in relevant part, "Motion for Sua Sponte Injunctive Monetary Relief to Correct Due Process of Law Deficiencies."

In the brief, Mr. Fredianelli makes various claims, for example, that his prior counsel stipulated to dismissal of some of the named defendants without his consent; that additional defendants (*e.g.*, Jenkins Management Company Micromanagement) and an additional plaintiff (Arion Salazar, former bassist for Third Eye Blind) should be joined to the case; that he is need of discovery related to insurance policies and an attorney to assist him with discovery; that certain expert discovery is necessary; that there has been witness intimidation in the case; that at least some of his prior attorneys had a conflict of interest; and that some of the defendants have violated federal criminal laws (*e.g.*, for copyright infringement and perjury). However, the only specific relief that Mr. Fredianelli seeks at this juncture is as follows:

(1)  an order requiring payment of $40,000 to Mr. Fredianelli, representing an advance on the monies owed him by Defendants so that he has a fair opportunity to prosecute his case; and

(2) an order barring Defendants Stephan Jenkins and David Rawson and (in essence) those affiliated with them, including their lawyers, from meeting or approaching Mr. Fredianelli except as specifically ordered by the Court.

Having considered the papers submitted, the Court deems an opposition brief unnecessary and further deems the matter appropriate for resolution without an oral argument. Mr. Fredianelli's request for relief is **DENIED**.

As to the first request for relief, Mr. Fredianelli fails to cite any authority establishing that a party may obtain injunctive relief in the form of monetary damages. *See Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010) (noting that injunctive relief is appropriate where, *inter alia*, "remedies available at law, such as monetary damages, are *inadequate* to compensate for that injury") (emphasis added). He also fails to cite any authority demonstrating that a plaintiff is able to obtain an "advance" for monetary damages, absent an adjudication that he is entitled to such damages. *Cf. Edmisten v. Werholtz*, 287 Fed. Appx. 728, 731 (10th Cir. 2008) (noting that disfavored injunctions include one that would provide the moving party "with substantially all the injunctive relief he seeks"). Finally, even if relief were theoretically available, Mr. Fredianelli has failed to make an adequate showing that he would be likely to prevail on the merits, thus rendering his request for relief inappropriate. *Cf. Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 11, 1144 (9th Cir. 2011) (noting that "'[a] plaintiff seeking a preliminary injunction must establish that [*inter alia*] he is likely to succeed on the merits'"). Mr. Fredianelli at this juncture has made an insufficient factual showing on the merits of his claim for monetary damages. The Court therefore denies Mr. Fredianelli's request for an "advance" of $40,000. In doing so, the Court notes that it is not unsympathetic to Mr. Fredianelli's situation. Litigating a lawsuit is an expensive endeavor. However, that does not relieve Mr. Fredianelli of his burden of establishing that he is entitled to the relief he seeks.

As for the second request for relief, it is also denied. Mr. Fredianelli has not adequately established that he is in need of the relief sought. There is no evidence that, *since this lawsuit has been filed*, Mr. Jenkins, Mr. Rawson, or those affiliated with them, including their attorneys, have acted inappropriately with respect to Mr. Fredianelli. Indeed, Mr. Fredianelli's declaration refers to

inappropriate by Mr. Jenkins only and only during their working relationship (*i.e.*, during the underlying events). *See* Fredianelli Decl. ¶ 10 (stating "I believe it is fact that in working closely with Stephan Jenkins I have observed and experienced his emotional abuse, verbal, physical and threats of violence towards me and others during outbursts he would have set off only by disagreeing with him"). Moreover, Mr. Fredianelli's requested relief is not practical. For this lawsuit to efficiently proceed, the parties need to be able to discuss matters, including in person, without constant judicial supervision. The Court therefore denies the requested relief, although without prejudice.

This order disposes of Docket No. 178.

IT IS SO ORDERED.

Dated: December 10, 2012

_____
EDWARD M. CHEN
United States District Judge

3