UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FREDIANELLI,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHAN JENKINS, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-3232 EMC<br><br>**ORDER RE PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>**(Docket No. 193)** |

Plaintiff Anthony Fredianelli has moved for a disqualification of Judge Corley, the settlement judgment in this case. Mr. Fredianelli has moved to disqualify based on 28 U.S.C. § 455, which provides in relevant part that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and that the same "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

Although § 455 is a "self-enforcing" obligation upon a judge, a party may raise a § 455 issue by motion. *See Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 843 n.1 (9th Cir. 1994) (noting that "[n]o motion is required to precipitate a judge's recusal under section 455" but that "[p]arties *may . . . raise the issue by motion*") (emphasis in original). The motion, however, should be decided by the judge whom the party asserts should be disqualified. *See id.* at 843 (noting the § 455 decision is to be made by the judge whose impartiality is being questioned), Commentary to Civil Local Rule 3-15 (recusal request under § 455 normally undertaken by judge whose recusal is sought). Accordingly,

the Court hereby refers the motion to disqualify to Judge Corley. The Court notes that the referral is *not* one seeking a report and recommendation. Judge Corley is the judge who will issue the dispositive order on the § 455 motion.

IT IS SO ORDERED.

Dated: December 10, 2012

_____
EDWARD M. CHEN
United States District Judge