UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FREDIANELLI, | No. C-11-3232 EMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION (1) FOR PERMISSION TO APPEAR BY TELEPHONE; AND (2) FOR AN EXTENSION OF TIME TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| STEPHAN JENKINS, *et al.*, | |
| Defendants. | |
| _____/ | **(Docket Nos. 191-92)** |

Plaintiff Anthony Fredianelli has filed a motion in which he asks (1) for permission to appear by telephone for all hearings and (2) for an extension of time to oppose the Third Eye Blind Defendants' motion for summary judgment, currently set for hearing on January 3, 2012. The Court **GRANTS** in part and **DENIES** in part the requests for relief.

As to the first request for relief, the Court shall permit Mr. Fredianelli to make a telephonic appearance for any case management or status conference. However, Mr. Fredianelli shall be required to make an in-person appearance for the hearing on the motion for summary judgment. In addition, Mr. Fredianelli shall be required to make an in-person appearance for the final pretrial conference and for trial. For any other hearing before this Court on a motion filed by a party (whether Mr. Fredianelli or another party in this action), Mr. Fredianelli must ask for permission to appear by telephone on a case-by-case basis. To the extent Mr. Fredianelli asks for permission to be excused from an in-person appearance for a settlement conference, that request is denied. Mr. Fredianelli is required to appear at any settlement conference.

As to the second request for relief, Mr. Fredianelli does not clearly identify any reason as to why he is need of additional time to oppose the motion for summary judgment. However, given that Mr. Fredianelli is proceeding pro se, the Court shall give him additional time to prepare an opposition. In his proposed order, Mr. Fredianelli asks that he be given until December 28, 2012, to file his opposition. The Court grants this request. Mr. Fredianelli shall have until **December 28, 2012**, to file (and serve) his opposition (including any supporting documents). The Third Eye Blind Defendants shall then have until **January 7, 2013**, to file (and serve) their reply brief. **The hearing on the motion for summary judgment is continued from January 3, 2013, to January 24, 2013. The hearing time shall remain at 1:30 p.m.**

Because Mr. Fredianelli is proceeding pro se, the Court provides him with some general guidance regarding the summary judgment process.

The Third Eye Blind Defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of the defendants, your case will be dismissed and there will be no trial. Mr. Fredianelli is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding that party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). In

2

ruling on a motion for summary judgment, the evidence must be admissible as presented or in a form that would be admissible in evidence. Mr. Fredianelli is cautioned that failure to file an opposition to the Third Eye Blind Defendants' motion for summary judgment may be deemed to be a consent by him to the granting of the motion, and granting of judgment against him without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994). Mr. Fredianelli is also advised to consult the Court's handbook for pro se litigants available on the Court's website.

This order disposes of Docket Nos. 191-92.

IT IS SO ORDERED.

Dated: December 10, 2012

_____
EDWARD M. CHEN
United States District Judge