United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FREDIANELLI,<br><br>Plaintiff,<br><br>v.<br><br>STEPHAN JENKINS, *et al.*,<br><br>Defendants.<br>_____/ | No. C-11-3232 EMC<br><br>**ORDER RE DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**(Docket No. 172)** |

The Court is in receipt of Defendants' administrative motion to file under seal, Docket No. 172. As stated in Defendants' motion and the supporting declaration of Mitchell Greenberg, the documents designated as confidential are (1) portions of the transcript from Plaintiff's deposition in the matter of *Jenkins, et al. v. Godtland, et al.*, Case No. CGC-08-476453 (Cal. Super. Ct. San Francisco County) (the "*Jenkins* case"); and (2) the portions of Defendants' memorandum of points and authorities referencing and quoting from Plaintiff's deposition. *See* Mot. to File under Seal, Docket No. 172, at 1:19-21; Decl. of Mitchell Greenberg ("Greenberg Decl."), Docket No. 172-1. Defendants have clarified that they do *not* wish for these documents to be filed under seal, but rather wish to afford Plaintiff the opportunity, pursuant to Local Rule 79-5, to seek a sealing order from the Court. Mot. to File under Seal, Docket No. 172, at 1:16-18; *see* N.D. Cal. Civ. R. 79-5.

The deposition at issue was designated confidential by Plaintiffs' counsel in the *Jenkins* case pursuant to a protective order in that case, in which Plaintiff Anthony Fredianelli, Defendant Stephan Jenkins, and Defendant Brad Hargreaves were co-plaintiffs. *See* Greenberg Decl., Docket

No. 172-1, ¶ 3; *id.* Ex. A. Both Jenkins and Hargreaves now waive any confidentiality designation they may have made to the deposition transcript. Greenberg Decl., Docket No. 172-1, ¶ 3. Yet, Fredianelli has not similarly waived the confidentiality designation. *See id.* ¶ 6.

Local Rule 79-5 requires that the party designating a document as confidential "must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." If that party fails to file such a declaration with seven (7) days, "the document or proposed filing will be made part of the public record." *Id.* The protective order in the *Jenkins* case provides for a similar procedure, whereby a party that wishes to file a document designated as confidential by another party must comply with California Rules of Court, Rule 2.551 and afford the designating party at least fifteen (15) days to move to seal the confidential material. *See* Greenberg Decl., Docket No. 172-1, Ex. A ¶ 14. In addition, California Rules of Court, Rule 2.551(b)(3) provides a similar procedure, requiring a party that wishes to maintain the confidentiality of a document "to file a motion or an application to seal the records within 10 days or to obtain a court order extending the time to file such a motion or an application," otherwise "the clerk must . . . place [the records] in the public file."

Here, the Court granted Plaintiff an extension to December 28, 2012 to file his opposition to Defendants' motion for summary judgment. Even assuming that this extension also applied to Plaintiff's response to Defendants' administrative motion to file under seal, Plaintiff has not responded *at all* to this motion as required under Local Rule 79-5, the protective order in the *Jenkins* case, and California Rules of Court, Rule 2.551. Thus, the Court **ORDERS** that the following documents are *not* to be filed under seal and directs the Clerk to make such documents part of the public record:

(1) the pages of the deposition of Plaintiff Anthony Fredianelli taken in the *Jenkins* case as submitted by Defendants; and

(2) the pages of the memorandum of points and authorities in support of Defendants' motion for summary judgment referencing information from that deposition.

For ease of reference, the Court requests that Defendants re-submit via ECF each document in a format omitting any markings or highlighting that designates confidential material.

This order disposes of Docket No. 172.

IT IS SO ORDERED.

Dated: January 9, 2013

_____
EDWARD M. CHEN
United States District Judge