**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY FREDIANELLI,

   Plaintiff,

  v.

STEPHAN JENKINS, *et al.*,

   Defendants.

_____/

No. C-11-3232 EMC

**ORDER RE COURT'S PROPOSED
JURY INSTRUCTIONS**

   Attached are the Court's proposed final jury instructions.  The parties are directed to file any objections by **9:00 a.m., October 16, 2013**.  Instructions will be re-numbered after they are finalized.

   IT IS SO ORDERED.

Dated: October 15, 2013

_____
EDWARD M. CHEN
United States District Judge

## INSTRUCTION NO. 1.1C

### DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 1.3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 1.6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

# INSTRUCTION NO. 1.7

## WHAT IS NOT EVIDENCE

In reaching your findings, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 1.8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must

consider it only for that limited purpose and for no other.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. 1.9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

7

**INSTRUCTION NO. 1.10**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 1.11**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**INSTRUCTION NO. 2.2**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [that will be read to you]. You should therefore treat these facts as having been proved.

(1)   Plaintiff was the lead guitar player in 3eb from 2000 to 2009.

(2)   Plaintiff was a paid employee of 3eb for parts of the period.

(3)   3eb owed Plaintiff between 25% and 33% of net touring revenue between 2003 and 2009.

      (a)   From 2003 to 2004, Plaintiff's share of net profits was 25%.

      (b)   From 2006 to 2007, Plaintiff's share of net profits was increased to 33%.

      (c)   From 2008 to 2009, Plaintiff's share of net profits was decreased to 25% (but Plaintiff contests the reduction from 33% to 25% on the ground that the reduction was conditioned on certain alleged promises made by Jenkins which were broken).

(4)   Plaintiff did not participate in the settlement of the *Godtland* litigation between (a) Defendants Jenkins, Hargreaves, Third Eye Blind, Inc., 3EB Touring, Inc., and Stephan Jenkins Productions, Inc. and (b) Godtland and Eric Godtland Management, Inc.

(5)   The caption of the *Godtland* lawsuit, which was filed on June 18, 2008, states: "STEPHAN JENKINS, BRAD HARGREAVES AND TONY FREDIANELLI, professionally known as THIRD EYE BLIND, Plaintiffs." Plaintiff was named as an individual cross-defendant in Godtland's cross-complaint. Mitchell, Silberberg & Knupp LLP and Richard Idell were the attorneys of record for Plaintiff, Jenkins, and Hargreaves until Plaintiff substituted new attorneys for his representation between December 23 and 29, 2009. Plaintiff agreed to mutual dismissal with prejudice and mutual waivers of costs between him and Godtland on January 14, 2010.

(6)   Plaintiff did not participant in any band activities after December 31, 2009.

**INSTRUCTION NO. 1.8**

**EVIDENCE FOR LIMITED PURPOSE** –

**"THIRD EYE BLIND INTER PARTY AGREEMENTS"**

The document "Third Eye Blind Inter Party Agreements" does *not* constitute the parties' contract but may be considered as evidence of what the terms of the parties' oral agreement were. Although the document refers to Band members being shareholders, the Court has already found that there was in fact no agreement to this business structure.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 2.12**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 2.13**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court

For the Northern District of California

**INSTRUCTION NO. _____**

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To recover damages from Defendants for breach of contract, Plaintiff must prove all of the following:

1. That Plaintiff and Defendants entered into a contract;

2. That Plaintiff did all, or substantially all, of the significant things that the contract required him to do;

3. That Defendants did something that the contract prohibited them from doing; and

4. That Plaintiff was harmed as a result.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. \_\_\_\_**

**ORAL OR WRITTEN CONTRACT TERMS**

Contracts may be written or oral.

Contracts may be party written and party oral.

Oral contracts are just as valid as written contracts.

Here, the parties agree that, from 2003 to 2009, Plaintiff and Defendants had an oral contract that Plaintiff would be paid a percentage of the net touring revenue of the band.  The parties disagree as to other terms of the oral contract, including but not limited to what expenses could be deducted from gross net touring revenue.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. ____**

**INTERPRETATION – DISPUTED TERM**

Plaintiff and Defendants had an oral contract for payment of a varying percentage of the Band's net touring revenue and net merchandising revenue while Plaintiff remained with the Band. Plaintiff and Defendants dispute what expenses could be properly applied against the gross touring revenue to reach Plaintiff's share of the net touring revenue.

Plaintiff claims that only expenses directly related to touring could be applied against the gross touring revenue to reach his share of the net touring revenue. Defendants claim that expenses indirectly related to touring could also be applied (*e.g.*, expenses related to recording an album because that customarily drives fans to the Band's live shows). Plaintiff must prove that his interpretation of the contract is correct.

Plaintiff also asserts that certain terms of the agreement were conditioned on other things happening.

In deciding what the terms of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

**INSTRUCTION NO. \_\_\_\_**

**INTERPRETATION – MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

United States District Court

For the Northern District of California

**INSTRUCTION NO. ____**

**INTERPRETATION – CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**INSTRUCTION NO. \_\_\_\_**

**MODIFICATION**

Defendants claim that the original contract was modified or changed.  Defendants must prove that the parties agreed to the modification.  Plaintiff denies that the contract was modified.

The parties to a contract may agree to modify its terms.  You must decide whether a reasonable person would conclude from the words and conduct of the parties that they agreed to modify the contract.  You cannot consider the parties' hidden intentions.

**INSTRUCTION NO. \_\_\_\_**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS**

Defendants contend that certain of Plaintiff's claims were not filed within the time set by law.  To succeed on this defense, Defendants must prove that some of Plaintiff's claimed harm occurred before October 24, 2008.

If Defendants prove that some of Plaintiff's claimed harm occurred before October 24, 2008, Plaintiff's lawsuit was still filed on time if Plaintiff proves that, before that date, he did not discover the facts constituting the breach of contract and, with reasonable diligence, could not have discovered those facts until October 24, 2008 or later.

**INSTRUCTION NO. ____**

**INTRODUCTION TO CONTRACT DAMAGES**

If you decide that Defendants breached the contract, you also must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Plaintiff in as good a position as he would have been if Defendant had performed as promised.

To recover damages for any harm, Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiff also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Plaintiff claims damages for Defendants' failure to pay to him his full profit-sharing percentage of revenue from March 13, 2003, until his termination from the Band in December 2009. You are to determine (1) whether the statute of limitations bars any of the claimed damages and (2) for those claimed damages that are not time barred, whether the profit-sharing distribution funds paid by Defendants to Plaintiff constituted the correct amounts and, if not, what additional money should have been paid.

There is no claim for damages made by Plaintiff in this case regarding any alleged authorship by Plaintiff in the writing of Third Eye Blind songs "Semi-Charmed Life" and "Farther," or any other Third Eye Blind songs.

**United States District Court**
For the Northern District of California

1 | ~~**INSTRUCTION NO. ____**~~

2 | ~~**MITIGATION OF DAMAGES**~~

3 | ~~If Defendants breached the contract and the breach caused harm, Plaintiff is not entitled to~~

4 | ~~recover damages for harm that Defendants prove Plaintiff could have avoided with reasonable~~

5 | ~~efforts or expenditures. You should consider the reasonableness of Plaintiff's efforts in light of the~~

6 | ~~circumstances facing him at the time, including his ability to make the efforts or expenditures~~

7 | ~~without undue risk or hardship.~~

8 | ~~If Plaintiff made reasonable efforts to avoid harm, then your award should include reasonable~~

9 | ~~amounts that he spent for this purpose.~~

10 |

11 | Court Notes: This instruction will not be given as Defendants provided no evidence to support a

12 | mitigation theory.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

**INSTRUCTION NO. 3.1**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach unanimous findings but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach your verdict.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 3.1A**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 3.2**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 3.3**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.