1
2
3
4
5   UNITED STATES DISTRICT COURT
6   NORTHERN DISTRICT OF CALIFORNIA
7
8   ANTHONY FREDIANELLI,  　　　　　　　　　　No. C-11-3232 EMC
9   　　　　Plaintiff,
    　　　　　　　　　　　　　　　　　　　　　　**ORDER RE JURY INSTRUCTION ON**
10  　　v.  　　　　　　　　　　　　　　　　　　**PREJUDGMENT INTEREST**
11  STEPHAN JENKINS, *et al.*,  　　　　　　**(Docket Nos. 288, 291)**
12  　　　　Defendants.
13
14  _____/
15
16   　　　Plaintiff has requested that the Court give a jury instruction on prejudgment interest. The
17  request is hereby **DENIED**. While California Civil Code § 3302 does provide for an award of
18  interest, *see* Cal. Civ. Code § 3302 (providing that "[t]he detriment caused by the breach of an
19  obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with
20  interest thereon"), it does not state that the interest amount is to be determined by a jury; nor does it
21  state the date from which interest begins to accrue. Those issues are essentially covered by
22  California Civil Code § 3287. Because the damages sought by Plaintiff are not certain, or capable of
23  being made certain by calculation, *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d
24  1154, 1173 (1991) (stating that "'[d]amages are deemed certain or capable of being made certain
25  within the provisions of subdivision (a) of section 3287 where there is essentially no dispute
26  between the parties concerning the basis of computation of damages if any are recoverable but
27  where their dispute centers on the issue of liability giving rise to damage'"), § 3287(b) governs
28

rather than § 3287(a). Should Plaintiff prevail on the merits, then he may make a request to the Court for prejudgment interest pursuant to § 3287(b). Such interest is at the Court's discretion.

This order disposes of Docket Nos. 288 and 291.

IT IS SO ORDERED.

Dated: October 17, 2013

_____
EDWARD M. CHEN
United States District Judge