United States District Court
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    ANTHONY FREDIANELLI,                    No. C-11-3232 EMC
9              Plaintiff,
                                             **FINAL JURY INSTRUCTIONS**
10        v.                                 **[ATTORNEY VERSION]**
11   STEPHAN JENKINS, *et al.*,
12             Defendants.
13
14   _____/
15
16        Attached are the final jury instructions.  The final jury instructions consist of the preliminary
17   instructions previously read to the jury and the closing instructions which will be read to the jury.  A
18   clean copy of the final jury instructions will be given to the jury for deliberations.  This copy of the
19   final jury instructions is for attorney's eyes only as it includes notes by the Court for the parties'
20   benefit.
21
22        IT IS SO ORDERED.
23
24   Dated: October 17, 2013
25                                           _____
                                             EDWARD M. CHEN
26                                           United States District Judge
27
28

**[PRELIMINARY INSTRUCTIONS]**

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

Plaintiff Anthony Fredianelli claims that he and Defendants Stephan Jenkins; Bradley Hargreaves; Third Eye Blind, Inc.; 3EB Touring, Inc.; Stephan Jenkins Productions, Inc.; and 3EB Publishing entered into an oral contract for payment of a varying percentage of the Band's net touring revenue and net merchandising revenue while Plaintiff remained with the Band.

Plaintiff claims that Defendants breached this contract by improperly applying certain expenses against the gross touring revenue to reach Plaintiff's share of the net touring revenue.

Plaintiff also claims that Defendants' breach of this contract caused harm to Plaintiff for which Defendants should pay.

Defendants deny that they improperly deducted expenses in calculating Plaintiff's share of the net touring and merchandising revenue.  Defendants also claim that Plaintiff's claims of improper payment amounts of net touring revenue prior to October 24, 2008, were not made within the time set by law in their statute of limitations affirmative defense.

**United States District Court**
For the Northern District of California

3

**INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your findings, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

10

**INSTRUCTION NO. 10**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 11**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 12**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your findings should be.

**INSTRUCTION NO. 13**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 14**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials;

1               and do not make any investigation or in any other way try to learn

2               about the case on your own.

3       The law requires these restrictions to ensure the parties have a fair trial based on the same

4   evidence that each party has had an opportunity to address.  A juror who violates these restrictions

5   jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the

6   entire trial process to start over].  If any juror is exposed to any outside information, please notify

7   the court immediately.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[CLOSING JURY INSTRUCTIONS]**

**INSTRUCTION NO. 15**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
For the Northern District of California

18

**INSTRUCTION NO. 16**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 17**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

**INSTRUCTION NO. 18**

**WHAT IS NOT EVIDENCE**

In reaching your findings, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 19**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO. 20**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 21**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 22**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

25

**INSTRUCTION NO. 23**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 24**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 25**

**LIMITING INSTRUCTION REGARDING OWNERSHIP**

There has been testimony in this case by Plaintiff that he was told that he would be an owner of Third Eye Blind and that he understood that he would be an owner of the Band.  Plaintiff is making no claim in this case for an ownership interest by him in Third Eye Blind or in the master recordings for Ursa Major.  The scope of Plaintiff's claim is to a share of the net profits of Third Eye Blind.  You may consider the testimony regarding ownership only to inform your understanding of the oral agreement as to Plaintiff's share of the net profits.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 26**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1.   Plaintiff was the lead guitar player in 3eb from 2000 to 2009.

2.   Plaintiff was a paid employee of 3eb for parts of the period.

3.   3eb owed Plaintiff between 25% and 33% of net touring revenue between 2003 and 2009.

    a.   From 2003 to 2005, Plaintiff's share of net profits was 25%.

    b.   From 2006 to 2007, Plaintiff's share of net profits was increased to 33%.

    c.   From 2008 to 2009, Plaintiff's share of net profits was decreased to 25% (but Plaintiff contests the reduction from 33% to 25% on the ground that the reduction was conditioned on certain alleged promises made by Jenkins which were broken).

4.   Plaintiff did not participate in the settlement of the *Godtland* litigation between (a) Defendants Jenkins, Hargreaves, Third Eye Blind, Inc., 3EB Touring, Inc., and Stephan Jenkins Productions, Inc. and (b) Godtland and Eric Godtland Management, Inc.

5.   The caption of the *Godtland* lawsuit, which was filed on June 18, 2008, states: "STEPHAN JENKINS, BRAD HARGREAVES AND TONY FREDIANELLI, professionally known as THIRD EYE BLIND, Plaintiffs."  Plaintiff was named as an individual cross-defendant in Godtland's cross-complaint.  Mitchell, Silberberg & Knupp LLP and Richard Idell were the attorneys of record for Plaintiff, Jenkins, and Hargreaves until Plaintiff substituted new attorneys for his representation between December 23 and 29, 2009.  Plaintiff agreed to mutual dismissal with prejudice and mutual waivers of costs between him and Godtland on January 14, 2010.

6.   Plaintiff did not participate in any band activities after December 31, 2009.

**INSTRUCTION NO. 27**

**PLAINTIFF'S CLAIM –**

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To recover damages from Defendants for breach of contract, Plaintiff must prove all of the following:

1.    That Plaintiff and Defendants entered into a contract;

2.    That Plaintiff did all, or substantially all, of the significant things that the contract required him to do;

3.    That Defendants did something that the contract prohibited them from doing; and

4.    That Plaintiff was harmed as a result.

**United States District Court**
For the Northern District of California

30

**INSTRUCTION NO. 28**

**ORAL OR WRITTEN CONTRACT TERMS**

Contracts may be written or oral.

Contracts may be party written and party oral.

Oral contracts are just as valid as written contracts.

Here, the parties agree that, from 2003 to 2009, Plaintiff and Defendants had an oral contract that Plaintiff would be paid a percentage of the net touring revenue of the band. The parties disagree as to other terms of the oral contract, including but not limited to what expenses could be deducted from gross net touring revenue.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 29**

**INTERPRETATION – DISPUTED TERM**

Plaintiff and Defendants had an oral contract for payment of a varying percentage of the Band's net touring revenue and net merchandising revenue while Plaintiff remained with the Band. Plaintiff and Defendants dispute what expenses could be properly applied against the gross touring revenue to reach Plaintiff's share of the net touring revenue.

Plaintiff claims that only expenses directly related to touring could be applied against the gross touring revenue to reach his share of the net touring revenue. Defendants claim that expenses indirectly related to touring could also be applied (*e.g.*, expenses related to recording an album because that customarily drives fans to the Band's live shows). Plaintiff must prove that his interpretation of the contract is correct.

Plaintiff also asserts that certain terms of the agreement were conditioned on other things happening.

In deciding what the terms of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

United States District Court

For the Northern District of California

32

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 30**

**INTERPRETATION – MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

**INSTRUCTION NO. 31**

**INTERPRETATION – CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**INSTRUCTION NO. 32**

**EVIDENCE FOR LIMITED PURPOSE** –

**"THIRD EYE BLIND INTER PARTY AGREEMENTS"**

The document "Third Eye Blind Inter Party Agreements" does *not* constitute the parties' contract but may be considered as evidence of what the terms of the parties' oral agreement were. Although the document refers to Band members being shareholders, the Court has already found that there was in fact no agreement to this business structure.

Court Notes: The placement of this instruction has been changed.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 33**

**MODIFICATION**

Defendants claim that the original contract was modified or changed.  Defendants must prove that the parties agreed to the modification.  Plaintiff denies that the contract was modified.

The parties to a contract may agree to modify its terms.  You must decide whether a reasonable person would conclude from the words and conduct of the parties that they agreed to modify the contract.  You cannot consider the parties' hidden intentions.

**INSTRUCTION NO. 34**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS**

Defendants contend that certain of Plaintiff's claims were not filed within the time set by law.  To succeed on this defense, Defendants must prove that some of Plaintiff's claims accrued before October 24, 2008.  If Defendants prove this fact, then Plaintiff is not entitled to damages that were based on claims that accrued prior to October 24, 2008.

If Defendants prove that some of Plaintiff's claims accrued before October 24, 2008, Plaintiff's lawsuit was still filed on time with regard to said claims if Plaintiff proves that, before that date, he did not discover the facts constituting the breach of contract and, with reasonable diligence, would not have discovered those facts until October 24, 2008 or later.

A claim accrues when it is complete with all of its elements.  *See* Instruction No. 27 ("Breach of Contract – Essential Factual Elements").  The statute of limitations runs from the occurrence of the last element essential to the claim.

Authority: *Aryeh v. Canon Bus. Solns., Inc.*, 55 Cal. 4th 1185, 1191 (2013) ("Traditionally at common law, a cause of action accrues when [it] is complete with all of its elements – those elements being wrongdoing, harm, and causation.  This is the last element accrual rule: ordinarily, the statute of limitations runs from the occurrence of the last element essential to the cause of action.") (internal quotation marks omitted).

Court Notes: Neither party has submitted an instruction defining the term "accrue."  The Court has provided a definition based on *Aryeh*, the most recent pronouncement of the California Supreme Court.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 35**

**INTRODUCTION TO CONTRACT DAMAGES**

If you decide that Defendants breached the contract, you also must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put Plaintiff in as good a position as he would have been if Defendant had performed as promised.

To recover damages for any harm, Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiff also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages.  You must not speculate or guess in awarding damages.

Plaintiff claims damages for Defendants' failure to pay to him his full profit-sharing percentage of revenue from March 13, 2003, until his termination from the Band in December 2009. You are to determine (1) whether the statute of limitations bars any of the claimed damages and (2) for those claimed damages that are not time barred, whether the profit-sharing distribution funds paid by Defendants to Plaintiff constituted the correct amounts and, if not, what additional money should have been paid.

There is no claim for damages made by Plaintiff in this case regarding any alleged authorship by Plaintiff in the writing of Third Eye Blind songs "Semi-Charmed Life" and "Farther," or any other Third Eye Blind songs.

**INSTRUCTION NO. 36**

**3EB TOURING, INC.'S COUNTERCLAIM –**

**MONEY HAD AND RECEIVED**

3EB Touring, Inc. claims that Plaintiff owes it $9,255.99 stemming from personal charges that Plaintiff made on a Band credit card for which he has not reimbursed 3EB Touring, Inc. To establish this claim, 3EB Touring, Inc. must prove all of the following:

1.    That Plaintiff made charges in the amount of $9,255.99 on a credit card that was intended to be used for the benefit of the Band;

2.    That the credit card charges were not made for the benefit of the Band but rather were for Plaintiff's personal benefit; and

3.    That Plaintiff has not reimbursed 3EB Touring, Inc.

Court Notes: As a preliminary matter, the Court notes that it shall give an instruction on the counterclaim for money had and received only, and not an instruction on the counterclaim for conversion. *See* Docket No. 295 (objection to conversion instruction).

> Conversion is the wrongful exercise of dominion over the property of another. Proof of conversion requires a showing of ownership or right to possession of the property at the time of the conversion, the defendant's conversion by a wrongful act or disposition of property rights, and resulting damages. Money can be the subject of an action for conversion if a specific sum capable of identification is involved.

*Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1452 (2013) (internal quotation marks omitted). The Court has doubts about whether a conversion claim is appropriate given the circumstances of this case. 3EB Touring, Inc. is not asserting, for example, that Plaintiff took the Band credit card (or the Band's credit) and made it his. Rather, the gist is that Plaintiff used the credit card for personal use and failed to pay 3EB Touring, Inc. back.

Moreover, the Court's decision not to give the conversion instruction will not result in any prejudice to 3EB Touring, Inc. The proposed instruction for conversion does not materially differ from the proposed instruction on money had and received. If anything, it will be easier for 3EB Touring, Inc. to prevail on the claim for money had and received.

United States District Court

For the Northern District of California

As for the instruction on money had and received, the Court has slightly modified Defendants' proposed instruction.  Among the modifications made by the Court is a change reflecting that the counterclaim is being brought by 3EB Touring, Inc. only.  The pleading filed clearly establishes that the first counterclaim is being brought by 3EB Touring, Inc. alone.  *See* Docket No. 53 (Countercl. ¶ 16) (stating that the claim for money had and received "is alleged solely by 3EB").

United States District Court

For the Northern District of California

**INSTRUCTION NO. 37**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach unanimous findings but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach your verdict.

**INSTRUCTION NO. 38**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 39**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 40**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court

For the Northern District of California