UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FREDIANELLI,<br><br>Plaintiff,<br><br>v.<br><br>STEPHAN JENKINS, *et al.*,<br><br>Defendants.<br>_____/ | No. C-11-3232 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT**<br><br>**(Docket No. 308)** |

Currently pending before the Court is Defendant 3EB Touring, Inc.'s ("Touring") motion to stay enforcement of the judgment. More specifically, Touring asks that the Court stay enforcement pending determination of Touring's motion for a new trial, which it has not yet filed but will file by November 18, 2013.

Federal Rule of Civil Procedure 62(b) provides that, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of [a motion] under Rule 59, for a new trial or to alter or amend a judgment." Fed. R. Civ. P. 62(b)(3). "As the term 'may' denotes, the decision whether or not to grant a stay is within the Court's discretion." *United States v. Moyer*, No. C 07-00510 SBA, 2008 U.S. Dist. LEXIS 63995, at *15 (N.D. Cal. Aug. 12, 2008). It appears that the Ninth Circuit has not "expressly considered what factors should be used to determine whether or not a stay would be appropriate under Rule 62(b)," but at least some courts have endorsed application of the standard articulated in

1  *Hilton v. Braunskill*, 481 U.S. 770 (1987), for a stay pending appeal.[1]  *See Moyer*, 2008 U.S. Dist.
2  LEXIS 63995, at *15.

3  In his opposition, Plaintiff Anthony Fredianelli points out that Touring has "made no
4  showing as to the potential basis or merit of its Motion for a New Trial." Opp'n at 309.  However,
5  he adds that he does not object to a stay so long as Touring posts a bond, as contemplated by Rule
6  62(b).

7  Because "Rule 62(b) is intended to preserve the status quo while protecting the prevailing
8  party's interest in the judgment,'" *General Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-
9  PAB-KLM, 2013 U.S. Dist. LEXIS 82514, at *3 (D. Colo. June 12, 2013), "[a] 'stay of judgment
10 usually requires a bond.'"  *MAKS, Inc. Gen. Trading & Contracting Co. v. Sterling Operations, Inc.*,
11 No. 3:10-CV-443, 2013 U.S. Dist. LEXIS 134740, at *8 (E.D. Tenn. Sept. 20, 2013).  Typically, the
12 amount of the bond "'will be set in an amount that will permit satisfaction of the judgment in full,
13 together with costs, interest, and damages for delay.'" *Id.*; *see also General Steel*, 2013 U.S. Dist.
14 LEXIS 82514, at *3-5 (acknowledging that "'post-trial motions will generally be resolved in far less
15 time than an appeal, and therefore, the risk to plaintiffs' security is diminished,'" but still requiring a
16 bond to cover the entire disgorgement award, post-judgment interest for three months, and costs as
17 taxed by the clerk of the court).

18 Touring, of course, contends that no bond is necessary – *i.e.*, (1) because any stay would be
19 of only a short duration, *see* Mot. at 5 (arguing that its motion for a new trial, which it intends to file
20 by November 18, "will be heard, and determined, in mid or late December"); (2) because Touring
21 plans to dispute the amount of the judgment as excessive; and (3) because "Touring is an ongoing
22 business concern." Mot. at 5.  But none of these arguments is persuasive.

23 First, Touring assumes that the motion will not only be heard but also determined by mid- to
24 late December, but, if Touring files its motion on November 18, the earliest that the motion could be

---

[1] *See Hilton*, 481 U.S. at 776 (in evaluating whether there should be a stay of an order pending appeal, considering "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies").

2

1 heard (based on the Civil Local Rules and this Court's availability) is January 2, 2014. Even
2 assuming the Court could promptly rule on the motion thereafter, the delay to Mr. Fredianelli would
3 be more than two months.

4     Second, Touring may be challenging the amount of the judgment as excessive, but, in his
5 opening motion, he provided no clue as to the basis of this argument. While Touring provided some
6 explanation in his reply brief, that explanation is not deserving of any consideration as Touring
7 could have raised it in its opening motion but failed to do so. And in any event, based on the content
8 in the reply brief, it is far from clear that Touring's intended motion for a new trial is so clearly
9 meritorious that the Court would be all but obliged to find a bond unnecessary.[2]

10     Finally, while Touring may be an ongoing business concern, it has made no showing that
11 posting a bond in the amount of the judgment or thereabouts would render it incapable of continuing
12 operations or put its other creditors in undue jeopardy. *Cf. Cotton v. City of Eureka*, 860 F. Supp. 2d
13 999, 1028 (N.D. Cal. 2012). Nor has Touring demonstrated that, because it is an ongoing business
14 concern, its "ability to pay the judgment is so plain that the cost of the bond would be a waste of
15 money." *Id.* Indeed, Touring offered no evidence on this issue at all in conjunction with its motion
16 to stay.

17     The Court therefore shall require Touring to post a bond as a condition of obtaining a stay.
18 Mr. Fredianelli has suggested a bond in the amount of $559,161, which represents the judgment of
19 $447,328.77 and a 1.25 multiplier. *See* Opp'n at 3-4. The Court, however, declines to require a
20 bond in that amount. Rather, it finds that a bond of **$447,485.34** is appropriate. This sum represents
21 (1) the judgment of $447,328.77 and (2) post-judgment interest at 0.14% for three months (*i.e.*,
22 $156.57).[3] *See* 28 U.S.C. § 1961 (providing for post-judgment interest "from the date of the entry of
23 the judgmnet, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as
24 published by the Board of Governors of the Federal Reserve System, for the calendar week

---

[2] The Court also notes that Touring has taken the position in its reply brief that "it is clear that Plaintiff's damages are less than $330,000." Reply at 3. Touring has failed to explain why it should not, at the very least, put up a bond in the amount which it concedes is not excessive.

[3] Yearly interest for the judgment amount of $447,485.34 is approximately $626.26. Thus, monthly interest is approximately $52.19 (*i.e.*, $626.26 ÷ 12).

preceding the date of judgment"); http://www.federalreserve.gov/releases/h15/20131021/ (showing interest rates for week ending October 18, 2013). The Court shall not include costs as part of the bond because, as of date, no costs have been taxed by the Clerk of the Court.

Accordingly, the Court conditionally **GRANTS** Touring's motion to stay enforcement of the judgment. More specifically, the motion is granted conditioned on the requirement that Touring post a bond in the amount of **$447,485.34** no later than November 12, 2013. The stay shall take place as of the date of this order below. However, if Touring (1) fails to file a motion for a new trial by November 18 or (2) fails to post the full bond by November 12, 2013, then the stay shall automatically be lifted. If Touring posts the full bond by November 12, 2013 and files a motion for a new trial by November 18, then the stay shall continue until the Court disposes of the motion for a new trial on the merits.

This order disposes of Docket No. 308.

IT IS SO ORDERED.

Dated: November 4, 2013

EDWARD M. CHEN
United States District Judge